ERIC GRANT
United States Attorney
MATHEW W. PILE
Executive Counsel for Program Litigation 1
Social Security Administration | Law & Policy
KAITLIN H. WOLF (CA STATE BAR NO. 340582)
Special Assistant United States Attorney
Program Litigation 1
Social Security Administration | Law & Policy
6401 Security Boulevard
Baltimore, MD 21235
Telephone: (410) 965-6064
Kaitlin.Wolf@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY BAYADOVSKIY,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil No. 2:24-cv-03687-SCR<br><br>STIPULATION AND [~~PROPOSED~~] ORDER FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT |

Plaintiff seeks an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 et seq. The parties engaged in good faith negotiations, and Defendant, the Commissioner of Social Security (Commissioner), by his undersigned counsel, and Plaintiff, by his undersigned counsel, now agree and stipulate as follows:

1. Plaintiff was the prevailing party in this matter;

2. Plaintiff was an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed;

3. The position of the Commissioner was not substantially justified;

4. An award of fees is not unjust;

5. An award of $9,500.00 constitutes reasonable attorney fees in this matter;

6. Payment of these amounts shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to EAJA fees in connection with this action. The parties further agree that the EAJA award is without prejudice to the right of Plaintiff's attorney to seek attorney fees pursuant to Social Security Act § 206(b), 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. *See* 28 U.S.C. § 2412(c)(1) (2006).

7. Upon the Court's order, defendant will consider the assignment of EAJA fees pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-2253 (2010), considering any offsets allowed under the United States Department of Treasury's Offset Program. Fees shall be made payable to Plaintiff, but if the Treasury Department determines that Plaintiff owes no federal debt, then the government shall pay the fees directly to Jesse S. Kaplan based on an assignment executed by Plaintiff and will deliver the payment to said counsel.

Respectfully submitted,

Dated: November 16, 2026

/s/ *Jesse S. Kaplan**
(*as authorized via e-mail on Nov. 16, 2026)
JESSE S. KAPLAN
Attorney for Plaintiff

Dated: November 16, 2026

ERIC GRANT
United States Attorney
MATHEW W. PILE
Executive Counsel for Program Litigation 1
Social Security Administration | Law & Policy

By: s/ *Kaitlin H. Wolf*
KAITLIN H. WOLF
Special Assistant United States Attorney

Attorneys for Defendant

**ORDER**

For the reasons set forth in the parties' stipulated motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, *et seq*., and good cause shown, IT IS HEREBY ORDERED AS FOLLOWS:

Plaintiff is hereby awarded $9,500.00 in fees under the EAJA. Upon the Court's order, defendant will consider the assignment of EAJA fees pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-2253 (2010), considering any offsets allowed under the United States Department of Treasury's Offset Program. Fees shall be made payable to Plaintiff, but if the Treasury Department determines that Plaintiff owes no federal debt, then the government shall pay the fees directly to Jesse S. Kaplan based on an assignment executed by Plaintiff and will deliver the payment to said counsel.

DATED: November 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE